## MORALES *v.* THE REGISTRAR OF PROPERTY.

### APPEAL from a decision of the Registrar of Property of San Juan.

No. 38.—Decided November 19, 1909.

RECORD OF CAUTIONARY NOTICE OF RIGHT OF PERSON MAKING CONVEYANCE.—In order to record or enter titles transferring or encumbering the ownership or possession of real property or property rights, in accordance with the provisions of article 20 of the Mortgage Law, the right of the person executing the deed of conveyance or encumbrance must first appear of record in the registry.

The facts are stated in the opinion.

*Mr. Arce* for appellant.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On May 18, 1909, José J. Morales presented for record in the Registry of Property of San Juan, the copy of a deed executed in this city on February 7, 1874, before Demetrio Jiménez y Moreno, a notary public by which Pedro del Valle sold to Pedro, Carmen and Juan Llazo y Rivera, all minors, "two *cuerdas* of land situated in the *barrio* of Cangrejos, bounded on the east by property belonging to Tomas Ratera; on the west, by property belonging to Antonio Franco; on the north by the road to Río Piedras; and on the south, by other lands belonging to said Franco.

On September 28, 1909, the registrar denied the record of said document on the ground that the land sold was recorded in the name of Andres Crosas, a person other than the vendor. And from said decision this appeal was taken.

The appellant has presented in addition to said certified copy, a certification issued by the Registrar of Property of San Juan relating to three records of estate No. 635 of San turce—that is to say, that which the registrar believed to be the same as that described in the deed which he refused to admit to record.

Upon examining the documents presented, it is observed that the northern, southern and western boundaries of the estate described in the deed of 1874 are the same as those of estate No. 635 of Santurce, at present recorded in the registry in the name of Crosas, a person other than the vendor, del Valle. The only difference is in the eastern boundary, the deed giving the lands of Tomás Ratera, while the registry gives in the first record the lands of Ramón Belasquide and those of Crosas in the second and third records. But this does not mean that such eastern boundary cannot be the same. The description of the estate in the deed dates back to 1874, while the first record in the registry of estate No. 635, of Santurce, was not made until 1883, and during the time which elapsed between the two dates the land of Ratera could have passed to the ownership of Balasquide.

The appellant alleges that the boundaries alone should not be taken into consideration and that it appears from the deed of 1874 that the estate sold has an area of two *cuerdas* and that from the registry it appears that the estate recorded in favor of Crosas has one *cuerda* only, there is no identity and that "even in the event that the land recorded in favor of Crosas now formed part of that which it is sought to record, the record could not have been denied, owing to the difference observed."

It is true that the area is different according to the deed of 1874 and the records in the registry, and although it is not

possible to arrive at the conclusion that the estate described in the deed is exactly the same as estate No. 635, of Santurce, now recorded in the registry in favor of Crosas, there is a reasonable and well-founded doubt that it may be, and under the circumstances the refusal of the registrar appears to us to be both judicious and wise, because in accordance with the principles of all laws, and especially the mortgage law, one who enjoys a status cannot lose it except by formal declaration of a court.

If different estates were really involved, it would have been very easy for the appellant to have dissipated the doubts of the registrar by presenting clear evidence thereof.

If the same estates were involved, if there was a conflict of interests, the registry should not have been resorted to. The courts of justice, in the proper proceedings and in accordance with the facts and the law, are those called on to decide such cases.

Under the circumstances, and in view of the provisions of article 20 of the Mortgage Law and the decisions of this court, among others in the cases of *Manuel Fernández Nater* v. *The Registrar of San Juan,* and *Manuel Soto Quiñones* v. *The Registrar of Caguas,* decided, resepectively, on October 13 and 18, 1909, we are of the opinion that the decision appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Figueras, MacLeary and Wolf concurred.